1

2

3

4

5

6

7

8       IN THE UNITED STATES DISTRICT COURT

9       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CHANNON W. RECTOR,

11          Plaintiff,              No. 2:13-cv-0400 GEB KJN PS

12       vs.

13   TOYOTA MOTOR CREDIT
     CORPORATION,

14
             Defendant.               ORDER
15   _____/

16          Plaintiff Channon W. Rector ("plaintiff") is proceeding without counsel in this

17   action and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[1]  For

18   the reasons stated below, the undersigned grants plaintiff's application to proceed in forma

19   pauperis but dismisses plaintiff's complaint and gives plaintiff leave to amend his pleading.

20   I.      APPLICATION TO PROCEED IN FORMA PAUPERIS

21          Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

22   § 1915.  (Motion to Proceed In Forma Pauperis, Dkt. No. 2.)  Plaintiff's application and

23   declaration make the showing required by 28 U.S.C. §§ 1915(a)(1) and 1915(2).  Accordingly,

24   the undersigned grants plaintiff's request to proceed in forma pauperis.

25   ////

26
     _____
        [1]  This proceeding was referred to the undersigned pursuant to Eastern District Local Rule
     302(c)(21) and 28 U.S.C. § 636(b)(1).

II.     SCREENING PLAINTIFF'S COMPLAINT

    A.     General Screening Standards

        The determination that a plaintiff may proceed in forma pauperis does not complete the inquiry.  The court is also required to screen complaints brought by parties proceeding in forma pauperis.  See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc).  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case filed pursuant to the in forma pauperis statute if, at any time, it determines that: the allegation of poverty is untrue, the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the action seeks monetary relief against an immune defendant.

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous if that claim is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pled, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.

        In assessing whether a plaintiff's complaint fails to state a claim on which relief can be granted, the court adheres to the "notice pleading" standards.  See, e.g., Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).  The notice pleading standards are codified, in part, in Federal Rule of Civil Procedure 8(a), which provides:

        **(a) Claim for Relief.**  A pleading that states a claim for relief must contain:

            **(1)** a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

            **(2)** a short and plain statement of the claim showing that the pleader is entitled to relief; and

            **(3)** a demand for the relief sought, which may include relief in the

1  alternative or different types of relief.

2  Additionally, a complaint should be dismissed for failure to state a claim if, taking

3  all well-pleaded factual allegations as true, it does not contain "'enough facts to state a claim to

4  relief that is plausible on its face.'"  See Coto Settlement v. Eisenberg, 593 F.3d 1031, 1034 (9th

5  Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009)).  "'A claim has facial

6  plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

7  inference that the defendant is liable for the misconduct alleged.'"  Caviness v. Horizon Cmty.

8  Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010) (quoting Iqbal, 556 U.S. at 663).  The court

9  accepts all of the facts alleged in the complaint as true and construes them in the light most

10  favorable to the plaintiff.  Corrie v. Caterpillar, 503 F.3d 974, 977 (9th Cir. 2007).  The court is

11  "not, however, required to accept as true conclusory allegations that are contradicted by

12  documents referred to in the complaint, and [the court does] not necessarily assume the truth of

13  legal conclusions merely because they are cast in the form of factual allegations."  Paulsen, 559

14  F.3d at 1071 (citations and quotation marks omitted).

15  The court must construe a pro se pleading liberally to determine if it states a claim

16  and, prior to dismissal, tell a plaintiff of deficiencies in the complaint and give the plaintiff an

17  opportunity to cure them if it appears at all possible that the plaintiff can correct the defect.  See,

18  e.g., Lopez, 203 F.3d at 1130-31; Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir.

19  1988).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff

20  proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal.

21  Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

22  A federal court has an independent duty to assess whether federal subject matter

23  jurisdiction exists, whether or not the parties raise the issue.  See United Investors Life Ins. Co. v.

24  Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a

25  duty to establish subject matter jurisdiction over the removed action sua sponte, whether the

26  parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir.

3

1   1996).  Federal district courts are courts of limited jurisdiction that "may not grant relief absent a

2   constitutional or valid statutory grant of jurisdiction," and "[a] federal court is presumed to lack

3   jurisdiction in a particular case unless the contrary affirmatively appears."  A-Z Int'l v. Phillips,

4   323 F.3d 1141, 1145 (9th Cir. 2003) (citations and quotation marks omitted).  The court must *sua*

5   *sponte* dismiss a case for lack of subject matter jurisdiction.  See Fed. R. Civ. P. 12(h)(3) ("If the

6   court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the

7   action."); see also Scholastic Entmt., Inc. v. Fox Entmt. Group, Inc., 336 F.3d 982, 989 (9th Cir.

8   2003).

9           B.      Allegations In Plaintiff's Complaint

10                  Putting aside the many conclusory and tangential allegations in plaintiff's

11  pleading, it appears that plaintiff alleges having "accepted a contract offer to purchase a vehicle

12  from defendant, Toyota Motor Credit Corporation," namely, a " 2007 Toyota Scion TC."

13  (Compl., Dkt. No. 1 at 2.)  Plaintiff alleges that the vehicle was "valued at $18,624.25" and that

14  he "recorded a UCC Financing Statement [and] Security Agreement [and] his copy of the

15  promissory note" within three days of "purchasing the vehicle."  (Id.)  Plaintiff claims he is "a

16  natural born citizen of the Republic of California and the first lien holder."  (Id.)  Plaintiff alleges

17  that he "laid claim to all fixtures and personal property in question."  (Id.)

18                  According to plaintiff, defendant "continue[d] to interact, bully, and intimidate the

19  Plaintiff with 'Paper Terrorism' and 'Phone Terrorism'" by demanding "monthly payments of

20  'government money' for a vehicle that had previously been paid for in full."  (Id.)  Plaintiff also

21  broadly alleges that defendant "wrongfully repossessed" the vehicle and damaged plaintiff's

22  credit and reputation.  (Id.)

23                  The remainder of plaintiff's pleading consists of legal arguments — not factual

24  allegations — regarding various theories about banking, credit, the creation of money by banks,

25  "different kinds of money," "different kinds of dollars," "legal money," "credit money,"

26  "privately created money," and the like.  (Id. at 2-20.)

4

From the handful of non-conclusory factual allegations within plaintiff's pleading, it appears that plaintiff intends to allege that he and defendant entered into a contract for purchase of a car and that sometime later, defendant improperly repossessed the car.  The nature of the alleged contract is unclear, however, and plaintiff's allegations are somewhat contradictory.  For instance, plaintiff alleges the existence of a "promissory note," a "down payment" and having made "6 monthly payments" all of which indicates he financed the car and could have been obligated to make monthly payments upon it; but plaintiff also simultaneously alleges that the car was "paid for in full" and that defendant wrongfully repossessed it.  (Id.) Plaintiff does not actually allege that *he* paid for the car "in full," nor does he allege when or how the car was "paid for in full."  (Id.)  Plaintiff's rambling pleading does not aid the court in deciphering whether he has alleged facts sufficient to state a claim.

The cover sheet accompanying plaintiff's complaint frames this lawsuit as arising from a "contract" dispute, yet also purports to assert federal question jurisdiction and includes citations to 42 U.S.C. § 1994 and 18 U.S.C. § 1581.  (Civil Case Cover Sheet, Dkt. No. 1-1.) The cover sheet also indicates that plaintiff and defendant both reside in and are citizens of California, and thus plaintiff did not check the box for "diversity" jurisdiction.  (Id.; Compl. at 1-2.)

III.    DISCUSSION

Plaintiff's pleading fails to comply with Rule 8 of the Federal Rules of Civil Procedure, which sets forth general rules of pleading for the federal courts.  As noted above, Rule 8(a) requires complaints to include: (1) the grounds upon which the court's jurisdiction rests; (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for relief. As described below, plaintiff's complaint fails to meet the first two of these requirements, and fails to state a claim under federal law that would provide the basis for this court's jurisdiction.

A.    Subject Matter Jurisdiction

The text of plaintiff's pleading does not clearly allege a basis for the court's

5

1   jurisdiction; however, as noted above it appears that plaintiff intends to allege that this court's

2   subject matter jurisdiction is premised upon federal question jurisdiction.  (Compl. at 1-2; Civil

3   Case Cover Sheet, Dkt. No. 1-1 (citing 42 U.S.C. § 1994 and 18 U.S.C. § 1581).)  However, as

4   described below, plaintiff's pleading does not properly state a claim under a federal statute.

5          Federal district courts are courts of limited jurisdiction that "may not grant relief

6   absent a constitutional or valid statutory grant of jurisdiction," and "[a] federal court is presumed

7   to lack jurisdiction in a particular case unless the contrary affirmatively appears."  A-Z Int'l, 323

8   F.3d at 1145 (citations and quotation marks omitted); see also Fed. R. Civ. P. 12(h)(3) ("If the

9   court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the

10  action.").  Generally, original federal subject matter jurisdiction may be premised on two

11  grounds: (1) diversity jurisdiction; or (2) federal question jurisdiction.

12         District courts have diversity jurisdiction over "all civil actions where the matter

13  in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the

14  action is between: "(1) citizens of different States; (2) citizens of a State and citizens or subjects

15  of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign

16  state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of

17  different States."  28 U.S.C. § 1332.

18         District courts have federal question jurisdiction over "all civil actions that arise

19  under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "A case 'arises

20  under' federal law either where federal law creates the cause of action or 'where the vindication

21  of a right under state law necessarily turn[s] on some construction of federal law.'"  Republican

22  Party of Guam v. Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (modification in original)

23  (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 8-9 (1983)).  "[T]he

24  presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint

25  rule,' which provides that federal jurisdiction exists only when a federal question is presented on

26  the face of the plaintiff's properly pleaded complaint."  Provincial Gov't of Marinduque v. Placer

6

1    Dome, Inc., 582 F.3d 1083, 1091 (9th Cir. 2009).

2         B.    Plaintiff's Proffered Federal Claims

3              In this case, plaintiff's pleading does not clearly state a basis for the court's

4    jurisdiction.[2]  (Compl. at 1-2.)  With respect to the existence of federal question jurisdiction,

5    plaintiff's civil case cover sheet indicates that plaintiff may intend to allege violations of federal

6    statutes, namely, 42 U.S.C. § 1994 and 18 U.S.C. § 1581.  (Civil Case Cover Sheet, Dkt. No. 1-

7    1.)  However, a "bare citation to" federal statutes or the U.S. Constitution fails to establish the

8    requisite subject matter jurisdiction.  E.g. Denton v. Agents of Oregon, No. 3:12–CV–00022–

9    HZ, 2012 WL 6617389, at *2 (D.Or. Dec. 19, 2012) (unpublished) (citing Gully v. First Nat'l

10   Bank, 299 U.S. 109, 117 (1936)).  Plaintiff has not only offered mere "bare citations" to these

11   federal statutes; as described below, he has also failed to allege facts that could support claims

12   under them.

13              a.    42 U.S.C. § 1994

14              Plaintiff appears to allege that defendant is liable under "42 U.S.C. § 1994."

15   (Civil Case Cover Sheet, Dkt. No. 1-1.)  However, 42 U.S.C. § 1994 provides, in its entirety,

16            The holding of any person to service or labor under the
              system known as peonage is abolished and forever
17            prohibited in any Territory or State of the United States;
              and all acts, laws, resolutions, orders, regulations, or
18            usages of any Territory or State, which have heretofore
              established, maintained, or enforced, or by virtue of
19            which any attempt shall hereafter be made to establish,
              maintain, or enforce, directly or indirectly, the voluntary
20            or involuntary service or labor of any persons as peons,
              in liquidation of any debt or obligation, or otherwise, are
21            declared null and void.

22   42 U.S.C. § 1994.

23   ////

24   _____

25        [2]  As noted above, diversity jurisdiction does not exist, as plaintiff's pleading and Civil
     Case Cover Sheet indicate that plaintiff and defendant both reside in and are citizens of
26   California.  28 U.S.C. § 1332.

1    Plaintiff has not alleged facts plausibly suggesting that defendant subjected him to

2  "peonage" by virtue of a contract for purchase of a 2007 Toyota Scion or defendant's alleged

3  conduct in connection therewith.  The Ninth Circuit Court of Appeals has held that "peonage"

4  requires that a person be held against his or her will and be forced to believe that he or she has no

5  alternative but to perform labor to pay off a debt.  U.S. v. Mussry, 726 F.2d 1448, 1452–53 (9th

6  Cir. 1984) abrogated on other grounds by U.S. v. Kozminski, 487 U.S. 931, 952 (1988) (limiting

7  the scope of "involuntary servitude" under 18 U.S.C. § 1584 to conditions of servitude where the

8  victim faces use or threat of physical restraint); see also Del Elmer v. Metzger, 967 F. Supp. 398,

9  402-03 (S.D. Cal. 1997) (citing Mussry and dismissing plaintiff's claim under 42 U.S.C. § 1994

10 where taxpayer plaintiff had alleged that the IRS improperly demanded money from him but had

11 alleged "no facts that even remotely suggest that defendants have subjected him to peonage.")).

12 Here, plaintiff has failed to allege that defendant ever held him against his will or forced him to

13 perform labor to satisfy a debt.  Plaintiff alleges only that defendant improperly demanded

14 monthly payments from him and improperly repossessed a car.  Such allegations fail to support a

15 cause of action under 42 U.S.C. § 1994.

16    Accordingly, plaintiff has failed to properly plead an actionable claim under 42

17 U.S.C. § 1994, and such claim cannot serve as the basis for federal question jurisdiction.  In an

18 abundance of caution, however, the undersigned will give plaintiff the opportunity to amend his

19 pleading to allege facts support such a claim, if plaintiff believes he can do so in good faith.

20         b.    18 U.S.C. § 1581

21    Plaintiff appears to seek to allege that defendant is liable under 18 U.S.C. § 1581.

22 (Civil Case Cover Sheet, Dkt. No. 1-1.)  However, 18 U.S.C. § 1581 provides that

23

24         (a) Whoever holds or returns any person to a condition of
         peonage, or arrests any person with the intent of placing

25         him in or returning him to a condition of peonage, shall be
         fined under this title or imprisoned not more than 20 years,

26         or both. If death results from the violation of this section,
         or if the violation includes kidnapping or an attempt to

8

1      kidnap, aggravated sexual abuse or the attempt to commit
       aggravated sexual abuse, or an attempt to kill, the
2      defendant shall be fined under this title or imprisoned for
       any term of years or life, or both.
3
       (b) Whoever obstructs, or attempts to obstruct, or in any
4      way interferes with or prevents the enforcement of this
       section, shall be liable to the penalties prescribed in
5      subsection (a).

6      18 U.S.C. § 1581.

7              In short, 18 U.S.C. § 1581 is a criminal statute that does not typically give rise to a

8      private right of action.  Plaintiff has not remotely made allegations about defendants' conduct

9      that would fit within the scope of this statute, and there is no indication that he could do so.

10     Plaintiff is further informed that "[c]ivil causes of action . . . do not generally lie under the

11     criminal statutes contained in Title 18 of the United States Code." Del Elmer, 967 F. Supp. at

12     403.  Accordingly, plaintiff should not include a claim under this statute within his amended

13     pleading.  If plaintiff does so, the undersigned will recommend that the claim be dismissed.

14                     c.      Fair Debt Collection Practices Act

15             Plaintiff's pleading also includes conclusory allegations regarding defendant's

16     engaging in "Paper Terrorism" and "Phone Terrorism," as well as defendant's continuing to

17     "interact, bully and intimidate" plaintiff by demanding "monthly payments" for the 2007 Toyota

18     Scion.  (Compl. at 2.)  Plaintiff appears to allege that such monthly payments were not actually

19     due under the terms of the alleged contract between plaintiff and defendant, given that the car

20     had actually been paid for in full.  (Id.)

21             While these allegations are rather vague, they may nonetheless indicate plaintiff's

22     intent to state a claim under the Federal Fair Debt Collection Practices Act (the "FDCPA").  15

23     U.S.C. §§ 1692 et seq.  Assuming plaintiff intends to bring a claim under the FDCPA, however,

24     plaintiff's pleading is deficient.  Putting aside sweeping and conclusory allegations of "Phone

25     Terrorism" and "Paper Terrorism" and the like, plaintiff does not allege any *non-conclusory facts*

26     suggesting harassment, false misrepresentations, or unfair practices by defendant.  Where a

9

1   pleading lacks allegations of harassment or abuse to violate 15 U.S.C. § 1692d, false or

2   misleading representations to violate 15 U.S.C. §1692e, or unfair practices to violate 15 U.S.C. §

3   1692f, it fails to state a FDCPA claim.  Kayan v. Asset Acceptance, LLC, No. CV12–03610–

4   JGB–FMOx, 2013 WL 1010554, at *6-7 (C.D. Cal. March 14, 2013) (unpublished) (granting

5   summary judgment for one of several defendants where plaintiff conclusorily alleged that various

6   sections of the FDCPA were violated, but did not actually "allege any facts in the Complaint to

7   support these allegations" as to that defendant, and where there was "nothing in the Complaint

8   that points to Defendants' use of any false or misleading representation or using unfair or

9   unconscionable means to collect a debt from Plaintiff."); see also Hernandez v. Cal.

10  Reconveyance Co., No. CV F 09–0251 LJO DLB, 2009 WL 464462, at *4-5 (E.D. Cal. Feb. 23,

11  2009) (unpublished) (granting defendants' motion to dismiss FDCPA claims because complaint

12  lacked allegations of harassment, abuse, misrepresentations, or unfair practices in connection

13  with collecting a debt).

14          Further, while plaintiff's allegations are unclear, it seems that plaintiff alleges that

15  plaintiff and defendant contracted for the purchase of a 2007 Toyota Scion, and that *defendant*

16  took steps to collect money from plaintiff and/or repossess the car, suggesting that defendant was

17  taking steps in its own name as a creditor, rather than as a debt collector attempting to collect

18  debt for another.  If so, this would render defendant's alleged conduct outside the scope of the

19  FDCPA.  E.g., De Dios v. Int'l Realty & Inv., 641 F.3d 1071, 1074 (9th Cir. 2011) ("The person

20  who originated the debt, such as a creditor to whom the debt was originally owed, is not

21  considered a debt collector.") (citing 15 U.S.C. § 1692a(6)(F)(ii)); see also Lowry v. EMC

22  Mortg. Corp.,No. CV 11–8177–PCT–JAT, 2012 WL 3257652, at *8 (D. Ariz. Aug. 8, 2012)

23  (unpublished) (dismissing FDCPA claim "because the complaint fails to allege facts that would

24  support the inference that [defendants] are 'debt collectors' under the FDCPA[.]")

25          In short, plaintiff has not clearly alleged any facts describing the sort of

26  harassment or abuse typically required to state a FDCPA claim, and has not clearly alleged facts

10

1    suggesting that defendant would not be subject to that statute's exemption for creditors.  Should

2    plaintiff wish to include a FDCPA claim in his amended pleading, plaintiff shall include *factual*

3    *allegations* detailing defendant's efforts to collect payments from him, describing defendant's

4    conduct/statements in connection therewith, and addressing whether defendant acted as a creditor

5    versus a debt collector.

6              Accordingly, the complaint is dismissed for lack of sufficient allegations

7    regarding subject matter jurisdiction and a lack of allegations supporting a claim under a federal

8    statute.  However, this dismissal is without prejudice, and plaintiff is granted leave to file an

9    amended complaint that alleges a basis for this court's subject matter jurisdiction.  If plaintiff

10   does not believe that he can state a good faith basis for this court's subject matter jurisdiction, he

11   should dismiss this case without prejudice and file the case in state court.

12             Plaintiff is granted leave to file an amended complaint within 45 days of the date

13   of this order.  Plaintiff is informed that the court cannot refer to prior pleadings in order to make

14   an amended complaint complete.  Eastern District Local Rule 220 requires that an amended

15   complaint be complete in itself.  This is because, as a general rule, an amended complaint

16   supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The

17   amended complaint supersedes the original, the latter being treated thereafter as non-existent.").

18   Accordingly, once a plaintiff files an amended complaint, the original complaint no longer serves

19   any function in the case.  Defendants not named in an amended complaint are no longer

20   defendants.  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

21             Plaintiff is also hereby informed that he is obligated to comply with court orders

22   and the rules of litigation procedure, notwithstanding his status as a pro se litigant.  Eastern

23   District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these

24   Rules or with any order of the Court may be grounds for imposition by the Court of any and all

25   sanctions authorized by statute or Rule or within the inherent power of the Court."  Moreover,

26   Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.  All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona.  Failure to comply therewith may be ground for dismissal . . . or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").  Case law is in accord that a district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders.  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."), cert. denied, 506 U.S. 915 (1992); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal), cert. denied, 479 U.S. 829 (1986).  Accordingly, plaintiff's failure to file an amended pleading by the deadline stated below will result in a recommendation that this action be dismissed.

        d.    Other Potential Federal Claims

It is possible that plaintiff seeks to allege violation of some federal statute(s) other than those discussed above, however, the wordiness and treatise-style format of plaintiff's pleading obscures the nature of the claim(s) plaintiff may intend to allege.  Accordingly, plaintiff shall amend his pleading to provide *additional factual allegations* that he believes might give rise to his claim(s) against defendant.  Such allegations might include additional details regarding

12

1   the nature of any alleged contractual breach(es) by defendant, such as how and when defendant

2   "demanded monthly payments" from plaintiff and how and when the car was "paid for in full."

3   Plaintiff may wish to include a copy of the alleged contract that appears to be at the center of this

4   case, and may wish to include additional details regarding that contract's alleged formation and

5   performance.  (Compl. at 2.)  Failure to allege additional non-conclusory *factual* allegations may

6   result in a recommendation that plaintiff's case be dismissed.

7          C.     State Law Claims

8                 Plaintiff attempts to allege claims based on California state law, such as breach of

9   contract.  (Compl. at 2.)  However, because the undersigned has determined that there are no

10  valid federal claims apparent on the face of plaintiff's well-pleaded complaint, see 28 U.S.C. §

11  1331 and Placer Dome, 582 F.3d at 1091, this court appears to lack jurisdiction.  Accordingly,

12  unless and until plaintiff can properly allege the basis for such jurisdiction, the undersigned

13  declines to exercise supplemental jurisdiction over state law claims at this time and will not

14  analyze plaintiff's potential state law claims here.  28 U.S.C. § 1367(c).

15         IV.    CONCLUSION

16                For the foregoing reasons, IT IS HEREBY ORDERED that:

17                1.     Plaintiff's request to proceed in forma pauperis (Dkt. No. 2) is

18  GRANTED;

19                2.     The complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2).  However,

20  plaintiff has leave to file an amended pleading that corrects the deficiencies described herein.

21                3.     Plaintiff is granted 45 days from the entry of this order to file an amended

22  complaint that is complete in itself.  The amended complaint must bear the docket number

23  assigned to this case and must be labeled "First Amended Complaint."  Failure to timely file an

24  amended complaint in accordance with this order will result in a recommendation that this action

25  ////

26  ////

1    be dismissed pursuant to Federal Rule of Civil Procedure 41(b) and Local Rules 110 and 183(a).

2    DATED:  April 1, 2013

3

4                                          _____
                                           KENDALL J. NEWMAN
5                                          UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

14