IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHANNON W. RECTOR,

    Plaintiff,

vs.

TOYOTA MOTOR CREDIT CORPORATION,

    Defendant.

No. 2:13-cv-0400 GEB KJN PS

FINDINGS AND RECOMMENDATIONS

      Plaintiff Channon W. Rector ("plaintiff") is proceeding without counsel and in forma pauperis pursuant to 28 U.S.C. § 1915.[1]  On April 2, 2013, the undersigned screened plaintiff's original pleading pursuant to 28 U.S.C. § 1915(e)(2) and dismissed it with leave to amend.  (Order, Dkt. No. 3.)  Plaintiff timely filed his amended pleading on April 15, 2013.  (First Am. Compl., Dkt. No. 5.)  Upon screening plaintiff's amended pleading, the undersigned recommends that this case be dismissed for the reasons stated below.  28 U.S.C. § 1915(e)(2).

I.    LEGAL STANDARDS

      The determination that a plaintiff may proceed in forma pauperis does not complete the required inquiry.  The court must also screen complaints brought by parties proceeding in forma pauperis.  See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d

---

[1] This proceeding was referred to the undersigned pursuant to Eastern District Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1122, 1129 (9th Cir. 2000) (en banc).  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case filed pursuant to the in forma pauperis statute if, at any time, it determines that: the allegation of poverty is untrue, the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the action seeks monetary relief against an immune defendant.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous if that claim is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pled, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.

In assessing whether a plaintiff's complaint fails to state a claim on which relief can be granted, the court adheres to "notice pleading" standards.  See, e.g., Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).  The notice pleading standards are codified, in part, in Federal Rule of Civil Procedure 8(a), which provides:

> **(a) Claim for Relief.**  A pleading that states a claim for relief must contain:
>
>   **(1)** a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
>   **(2)** a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
>   **(3)** a demand for the relief sought, which may include relief in the alternative or different types of relief.

Additionally, a complaint should be dismissed for failure to state a claim if, taking all well-pleaded factual allegations as true, it does not contain "'enough facts to state a claim to relief that is plausible on its face.'"  See Coto Settlement v. Eisenberg, 593 F.3d 1031, 1034 (9th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009)).  "'A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Caviness v. Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010) (quoting Iqbal, 556 U.S. at 663). The court accepts all of the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. Corrie v. Caterpillar, 503 F.3d 974, 977 (9th Cir. 2007). The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Paulsen, 559 F.3d at 1071 (citations and quotation marks omitted).

The court must construe a pro se pleading liberally to determine if it states a claim and, prior to dismissal, must tell a plaintiff of deficiencies in the complaint and must give the plaintiff an opportunity to cure them if it appears possible that the plaintiff can do so. See, e.g., Lopez, 203 F.3d at 1130-31; Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure a complaint's defects, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

II.     DISCUSSION

As described below, plaintiff's First Amended Complaint is quite similar to his original pleading, and should be dismissed pursuant to 28 U.S.C. § 1915(e)(2) for failure to include factual allegations sufficient to state a claim for which relief may be granted. 28 U.S.C. § 1915(e)(2); Fed. R. Civ. P. 8, 12(b)(6).

   A.     Allegations In Plaintiff's First Amended Complaint

Plaintiff was given leave to amend his pleading to include additional factual allegations to support his claims. (Order, Dkt. No. 3.) Plaintiff timely filed an amended

////

////

3

pleading, but, oddly, *omitted* a number of factual allegations central to his original pleading.[2]

Plaintiff included even fewer factual allegations in his amended pleading, opting to include only one new factual allegation: that "Plaintiff was never received [sic] a written correspondence from defendant[] informing him that the vehicle was in danger of repossession." (First Am. Compl. at 5-6.) The amended pleading also repeats the original complaint's superfluous legal arguments regarding "different kinds of money" and the like. (Compare Compl. at 2-20 with First Am. Compl. at 17-36.)

The amended pleading also purports to add several new claims, primarily by including citations to several federal statutes that were not referenced in plaintiff's original pleading. (First Am. Compl. at 2, 6, 10-11, 13 (citing 12 U.S.C. § 24; 42 U.S.C. § 1983; 47 U.S.C. § 227; 15 U.S.C. §§ 1601-1666; and 15 U.S.C. §§ 1692 et seq.).) As described below, however, and as the undersigned has previously informed the plaintiff (Order, Dkt. No. 3 at 7),

---

[2] As the undersigned's prior order informed the plaintiff (Order, Dkt. No. 3 at 11), the court cannot refer to prior pleadings to make an amended complaint complete. Eastern District Local Rule 220 requires that an amended complaint be complete in itself. This requirement is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent."). Because plaintiff omitted several factual allegations when he filed his amended pleading, however, some mention of the allegations from plaintiff's original pleading is necessary. In his original pleading, which is no longer technically before the court and is discussed here purely for context, plaintiff alleged having "accepted a contract offer to purchase a vehicle from defendant, Toyota Motor Credit Corporation," namely, a "2007 Toyota Scion TC." (Compl., Dkt. No. 1 at 2.) Plaintiff previously alleged that the vehicle was "valued at $18,624.25" and that he "recorded a UCC Financing Statement [and] Security Agreement [and] his copy of the promissory note" within three days of "purchasing the vehicle." (Id.) Plaintiff previously alleged that he was "a natural born citizen of the Republic of California and the first lien holder." (Id.) Plaintiff previously alleged that he "laid claim to all fixtures and personal property in question." (Id.) Plaintiff previously alleged that defendant "continue[d] to interact, bully, and intimidate the Plaintiff with 'Paper Terrorism' and 'Phone Terrorism'" by demanding "monthly payments of 'government money' for a vehicle that had previously been paid for in full." (Id.) Plaintiff also previously alleged that defendant "wrongfully repossessed" the vehicle and damaged plaintiff's credit and reputation. (Id.) The remainder of plaintiff's original pleading consisted of legal arguments — not factual allegations — regarding various theories about banking, credit, the creation of money by banks, "different kinds of money," "different kinds of dollars," "legal money," "credit money," "privately created money," and the like. (Id. at 2-20.) The undersigned addressed these allegations in his prior order. (Order, Dkt. No. 3.)

4

simply citing to or quoting from federal statutes without also including supporting *factual* allegations is not sufficient to state claims under those statutes. Fed. R. Civ. P. 12(b)(6); <u>Coto Settlement</u>, 593 F.3d at 1034. Once again, many of plaintiff's claims lack supporting factual allegations. As plaintiff has already received the opportunity to amend his pleading to properly support his claims with factual allegations and has been unable to do so, further amendment of his pleading would be futile and the undersigned recommends that plaintiff's complaint be dismissed. 28 U.S.C. § 1915(e)(2).

    B. <u>Plaintiff's Factual Allegations Are Insufficient To Support His Claims</u>

  As with his original pleading, plaintiff's amended pleading offers only bare citations to federal statutes, and as described below, plaintiff has not alleged facts sufficient to support those claims. Plaintiff's amended pleading fails to state a claim for which relief may be granted. 28 U.S.C. § 1915(e)(2); Fed. R. Civ. P. 12(b)(6).

    1. <u>Fair Debt Collection Practices Act</u>

  As in his original pleading, plaintiff's amended pleading includes only conclusory allegations regarding violations of the federal Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. §§ 1692 et seq. (First Am. Compl. at 15-16.) Putting aside the amended pleading's sweeping and conclusory allegations, plaintiff does not allege any *non-conclusory facts* describing particular harassment, misrepresentations, or unfair practices by defendant. (<u>See</u> First Am. Compl. at 13 (alleging that defendant sent him "threatening mail" and "notices" but not alleging the contents of these documents and not explaining *how* they were "threatening"); 15-16 (quoting FDCPA and providing no supporting factual allegations).)

  Where a pleading lacks non-conclusory allegations of harassment or abuse to violate 15 U.S.C. § 1692d, false or misleading representations to violate 15 U.S.C. §1692e, or unfair practices to violate 15 U.S.C. § 1692f, it fails to state a FDCPA claim. <u>See</u>, <u>e.g.</u>, <u>Kayan v. Asset Acceptance, LLC</u>, No. CV12–03610– JGB–FMOx, 2013 WL 1010554, at *6-7 (C.D. Cal. March 14, 2013) (unpublished) (granting summary judgment for one of several defendants where

the plaintiff conclusorily alleged that various sections of the FDCPA were violated, but did not actually "allege any facts in the Complaint to support these allegations" as to that defendant, and where there was "nothing in the Complaint that points to Defendants' use of any false or misleading representation or using unfair or unconscionable means to collect a debt from Plaintiff."); see also Hernandez v. Cal. Reconveyance Co., No. CV F 09–0251 LJO DLB, 2009 WL 464462, at *4-5 (E.D. Cal. Feb. 23, 2009) (unpublished) (granting defendants' motion to dismiss FDCPA claims because complaint lacked allegations of harassment, abuse, misrepresentations, or unfair practices in connection with collecting a debt).

Further, while plaintiff's factual allegations are few, it appears that plaintiff alleges that he and defendant contracted for the purchase of a 2007 Toyota Scion, and that *defendant* took steps to collect money from plaintiff and/or repossess the car, suggesting that defendant was taking steps in its own name as a creditor, rather than as a debt collector attempting to collect the debt of another. If so, this would render defendant's alleged conduct outside the scope of the FDCPA. See, e.g., De Dios v. Int'l Realty & Inv., 641 F.3d 1071, 1074 (9th Cir. 2011) ("The person who originated the debt, such as a creditor to whom the debt was originally owed, is not considered a debt collector.") (citing 15 U.S.C. § 1692a(6)(F)(ii)); see also Lowry v. EMC Mortg. Corp., No. CV 11–8177–PCT–JAT, 2012 WL 3257652, at *8 (D. Ariz. Aug. 8, 2012) (unpublished) (dismissing FDCPA claim "because the complaint fails to allege facts that would support the inference that [defendants] are 'debt collectors' under the FDCPA[.]")

This time plaintiff also alleges that defendant failed to give him "written correspondence . . . informing him that the vehicle was in danger of repossession" (First Am. Compl. at 5-6), but this allegation does not remedy the above-described defects. Moreover, while failure to provide certain "written correspondence" might well be a violation of the terms of the parties' contract, it does not itself amount to *harassing* conduct in efforts to collect a third party's debt. Plaintiff's amended pleading also includes other allegations that directly conflict

with his allegation of a lack of "written correspondence." Elsewhere in his pleading, for instance, plaintiff alleges that defendant sent him "threatening mail" and "notices" in connection with repossessing the vehicle, and "mail" and "notices" logically fall into the category of "written correspondence." (Compare First Am. Compl. at 5-6 with 13.) Alleging defendant's failure to send any "written correspondence" and simultaneously alleging that defendant sent improper "mail" and "notices" is confusing, contradictory, and insufficient to support plaintiff's FDCPA claim. In sum, once again plaintiff has not clearly alleged any *facts* describing the sort of harassment or abuse typically required to state a FDCPA claim, and once again has not clearly alleged *facts* suggesting that defendant would not be subject to that statute's exemption for creditors. Although he has received the opportunity to amend his pleading to include factual allegations supporting a claim under the FDCPA, plaintiff has again failed to allege facts sufficient to support such a claim.

            2.      <u>Claims Under 47 U.S.C. § 227, 15 U.S.C. §§ 1601-1666 & 12 U.S.C. § 24</u>

Similar to his approach with respect to his FDCPA claim, plaintiff's amended pleading includes bare citations to and conclusory quotes from other federal statutes, such as 47 U.S.C. § 227, 15 U.S.C. §§ 1601-1666, and 12 U.S.C. § 24. Plaintiff has not included any *factual* allegations supporting claims under any of these statutes.

While 47 U.S.C. § 227 addresses telemarketing, plaintiff does not clearly allege that defendant ever contacted him via phone to advertise or solicit his business, and his allegations do not describe any particular alleged improprieties occurring during any phone calls. (First Am. Compl. at 13-15 (describing broad prohibitions under 47 U.S.C. § 227 and quoting that statute, but not alleging any *facts* describing any particular telemarketing actions by *defendant*.)

Similarly, plaintiff's amended pleading includes citations to the Truth In Lending Act ("TILA"), 15 U.S.C. §§ 1601-1666, but plaintiff does not allege any factual allegations to support a claim under that statute. (First Am. Compl. at 11 (alleging that defendant "breached

7

1  their [sic] fiduciary duty owed to [plaintiff] by violating the accurate disclosure requirements [of]
2  the vehicle [sic] and by failing to comply with the [TILA] . . .").)  Plaintiff does not allege *what*
3  disclosures defendant allegedly failed to make in violation of the TILA.  Plaintiff also does not
4  allege facts indicating *how* defendant allegedly "fail[ed] to comply with" TILA.

5  Plaintiff's amended pleading also includes citations to 12 U.S.C. § 24, which
6  delineates the corporate powers of banking associations.  (First Am. Compl. at 5-6.)  However,
7  the only supporting allegation plaintiff offers is that defendant violated this statute by "extorting
8  and demanding sums [it was] not entitled to receive."  (Id.)  This sole conclusory allegation does
9  not sufficiently support the claim.

10         3.    42 U.S.C. § 1983

11  Plaintiff's First Amended Complaint also includes citations to 42 U.S.C. § 1983
12  ("Section 1983") and the Fourteenth Amendment, and plaintiff appears to allege that defendant's
13  repossessing the 2007 Toyota Scion amounted to deprivation of property without due process of
14  law.  (First Am. Compl. at 2, 6, 13.)  However, plaintiff has not adequately alleged claims under
15  Section 1983 and/or the Fourteenth Amendment in part because plaintiff has not alleged that
16  defendant acted under color of state law.  Instead, from the allegations within plaintiff's amended
17  pleading it appears that at all relevant times defendant acted as a private entity.

18  "To state a claim under [Section] 1983, a plaintiff must allege two essential
19  elements: (1) that a right secured by the Constitution or laws of the United States was violated,
20  and (2) that the alleged violation was committed by a person acting under the color of State law."
21  Long v. Cnty. of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006) (citing West v. Atkins, 487
22  U.S. 42, 48 (1988)); accord Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009), cert.
23  denied, 130 S. Ct. 1937 (2010).  Section 1983 "shields citizens from unlawful government
24  actions, but does not affect conduct by private entities."  Apao v. Bank of N.Y., 324 F.3d 1091,
25  1093 (9th Cir. 2003), cert. denied, 540 U.S. 948 (2003); Sutton v. Providence St. Joseph Med.
26  Ctr., 192 F.3d 826, 835 (9th Cir. 1999) ("the party charged with a constitutional deprivation

1  under [Section] 1983 must be a person who may fairly be said to be a [governmental] actor")
2  (citation and internal quotation marks omitted; modification in original).  Section 1983 "excludes
3  from its reach merely private conduct, no matter how discriminatory or wrong."  Sutton, 192
4  F.3d at 835 (citing American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (citation
5  and internal quotation marks omitted)).  For purposes of Section 1983, "private parties are not
6  generally acting under color of state law."  Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991).

7           It is true that, in certain cases, private entities may be deemed to have acted under
8  state law, but plaintiff has not alleged any facts to suggest that this particular defendant did so.
9  There are four ways to find state action by a private entity for purposes of Section 1983: (1) the
10 private actor performs a public function, (2) the private actor engages in joint activity with a state
11 actor, (3) a private actor is subject to governmental compulsion or coercion, or (4) there is a
12 governmental nexus with the private actor.  Kirtley v. Rainey, 326 F.3d 1088, 1093 (9th Cir.
13 2003).  While "a claim may lie against a private party who is a willful participant in joint action
14 with the State or its agents," a "bare allegation of such joint action" will not suffice to avoid
15 dismissal.  Dietrich v. John Ascuaga's Nugget, 548 F.3d 892, 900 (9th Cir. 2008).

16          Here, plaintiff has not sufficiently alleged that defendant committed any acts
17 under the color of state law.  See Long, 442 F.3d at 1185.  Plaintiff's allegations do not hint at
18 how defendant might potentially be treated as a state actor, see Kirtley, 326 F.3d at 1093, nor
19 does it appear that plaintiff could properly allege as much even if he were to amend his pleading
20 yet again.  Plaintiff's scant factual allegations indicate that he and defendant contracted regarding
21 the purchase or lease of a car, and that defendant ultimately repossessed the car.  While plaintiff
22 disputes the validity of the underlying contract and disputes defendant's entitlement to repossess
23 the car, the few facts in the amended pleading do not remotely indicate that defendant should be
24 treated as a state actor.  Accordingly, plaintiff has failed to state claims for alleged violations of
25 Section 1983 and/or the Fourteenth Amendment in connection with defendant's alleged
26 repossession of the 2007 Toyota Scion, and the undersigned recommends that such claims be

dismissed. There is no indication that plaintiff could amend his pleading to allege *facts* plausibly indicating that defendant should be treated as a state actor.

    4.    Summary

Given the foregoing, the undersigned recommends that the First Amended Complaint be dismissed for failure to state a claim for which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff has already had the opportunity to amend his pleading to include more factual allegations, but he responded by filing an amended pleading with *fewer* factual allegations. (Compare Compl. with First Am. Compl.) Further opportunities to amend his pleading would be futile, and the undersigned recommends that plaintiff's case be dismissed. See Lacey v. Maricopa Cnty., 693 F.3d 896, 926 (9th Cir. 2012) (explaining that, in dismissing for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.") (quoting Doe v. U.S., 58 F.3d 494, 497 (9th Cir. 1995)).

    C.    State Law Claims

Plaintiff's amended pleading includes claims based in California state law, such as a claim for breach of contract. (First Am. Compl. at 9.) However, because the undersigned recommends dismissal of this case given plaintiff's repeated failures to state any federal claims for which relief may be granted, the undersigned recommends that the court decline to exercise supplemental jurisdiction over plaintiff's potential state law claims. 28 U.S.C. § 1367(c)(3). The factors of "judicial economy, convenience, fairness, and comity" do not "tip in favor of retaining the state-law claims" in this case. See Sanford v. MemberWorks, Inc., 625 F.3d 550, 561 (9th Cir. 2010) (quoting Carnegie–Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988)) (internal quotation marks omitted).

III.    CONCLUSION

In accordance with the foregoing, IT IS HEREBY RECOMMENDED that:

    1.    Plaintiff's case be dismissed pursuant to 28 U.S.C. § 1915(e)(2) for failure

to allege factual allegations sufficient to support a claim for which relief may be granted.

      a.     Plaintiff's federal claims discussed above herein be dismissed with prejudice.

      b.     The court decline to exercise supplemental jurisdiction over plaintiff's potential state law claims, 28 U.S.C. § 1367(c)(3), and that such claims be dismissed without prejudice.

      2.     The Clerk of the Court be directed to close this case and vacate all future dates.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

      IT IS SO RECOMMENDED.

DATED: May 15, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE